IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROWENA MARIE HAMMOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-1041- RJD |
| | ) | |
| MENTOR WORLDWIDE, LLC and | ) | |
| COLOPLAST CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Reconsider (Doc. 126) its Order granting Defendant Coloplast Corporation's Motion to Exclude Opinions and Testimony of Ahmed El-Zawahry, M.D. (Doc. 113). Defendant Coloplast Corp. responded (Doc. 127). As explained further, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

On April 24, 2006, Plaintiff was implanted with a Coloplast Aris Trans-Obturator Sling System (the "Aris") at St. Mary's Hospital in Centralia, Illinois (Doc. 1). The Aris was intended for women with stress urinary incontinence (Doc. 55-13). Plaintiff filed claims against Defendants in a multi-district litigation ("MDL") case in the Southern District of West Virginia, Case No. 2-12-cv-2387 (Doc. 53). Plaintiff's case was transferred to this Court after discovery was complete.

Plaintiff intended to call Dr. Ahmed El-Zawahry at trial to testify as a specific causation expert (Doc. 92-3). Dr. El-Zawahry removed Plaintiff's Aris. The Court granted in part Defendant's Motion to Exclude Opinions and Testimony of Dr. El-Zawahry, finding that Plaintiff

had not properly disclosed him as a witness pursuant to Rule 26(a)(2)(B) and finding that his "disclosed" opinions regarding specific causation were not made within the course of the treatment he provided her (Doc. 113). Plaintiff now moves the Court to reconsider the exclusion of Dr. El-Zawahry's specific causation opinions, contending that the Court made "an assumption based upon speculation and conjecture."

On September 5, 2017, Plaintiff served Defendants with a pleading titled "Disclosure of Specific Causation Expert" for Dr. El-Zawahry:

> Dr. El-Zawahry is a treating physician and has not been retained to provide expert testimony in this case. Therefore, the requirements of FRCP 26(a)(2)(B) do not apply to this disclosure.
>
> The disclosure requirements for FRCP 26(a)(2)(C) are contained in the report of Dr. El-Zawahry dated January 30, 2017, attached hereto.

(Doc. 92-1).

Dr. El-Zawahry's "report" dated January 30, 2017 provides a narrative of the treatment he provided to Plaintiff and describes the symptoms that she reported to him. His report includes the following statements:

> She mentioned that she was doing fine until she had the sling placed in 2002, after which she did initially well, and then her symptoms started to reappear and cause her discomfort. Unfortunately, I do not have the history of the past records.
>
> ************
>
> Overall, she had complex problems and it is very difficult to point at one source of her problems. However, since the removal of [the Aris] she has had improvement of her groin, some of the pelvic pain, and pain with intercourse. We can cautiously say that the sling may have to some extent contributed to these symptoms as these were masked by other problems she had such as interstitial cystitis and underactive bladder. These other issues could result in similar

Page **2** of **7**

> symptoms in patients who did not undergo sling procedures.
>
> To answer your questions:
>
> In my assessment, I believe that the sling has caused her pelvic pain, the left groin pain, pain with intercourse since these problems have improved after the sling removal. Also, during examination, her pain and discomfort around the sling arms are gone.
>
> Ms. Vance denies completely having any pelvic pain or groin pain prior to the sling surgery and for this reason we can attribute that this pain is most likely related to the sling.

(Doc. 92-2).

On February 21, 2019, Plaintiff's counsel then prepared another document titled "Rule 26 Expert Witness Disclosures" that contained the following:

> ….In addition to the opinions contained in the report attached to the disclosure served on September 5, 2017, it is expected that, after being provided with a complete medical history of the Plaintiff, Dr. El-Zawahry will opine, within a reasonable degree of medical certainty that the following were probably caused by the failure of the Defendant's product: pelvic and groin pain, bladder pain, interstitial cystitis, urethral stricture, recurrent urinary tract infections….

The disclosure goes on to list 13 more conditions "probably" caused by the Aris and states that Dr. El-Zawahry is "expected to opine that the [Aris] failed to perform as expected in light of its nature and intended function and to a lack of secondary causes for the failure of the product" (Doc. 92-3).

Disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), Dr. El-Zawahry can only give opinions on the specific cause of Plaintiff's injuries if he formed those opinions as he treated her. *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 833 (7th Cir. 2013). Upon reconsideration, the Court sees that it erred when it discounted Dr. El-Zawahry's statement "**in my**

**assessment**, I believe that the sling has caused her pelvic pain, the left groin pain, pain with intercourse since these problems have improved after the sling removal.  Also, **during examination**, her pain and discomfort around the sling arms are gone." This language indicates that he formed his opinions regarding Plaintiff's pelvic, groin, and intercourse-related pain (hereinafter, collectively "pain") as he treated her.

In their Motions to Exclude and in their Response to Plaintiff's Motion to Reconsider, Defendants raised *Daubert* objections to this opinion (e.g., that it is not reliable, would not assist the trier of fact, not based on sound principles).   Dr. El-Zawahry is a board-certified urologist who treated Plaintiff and removed her Aris (*See* Doc. 49-7). For purposes of ruling *in limine*, it appears that Dr. El-Zawahry is qualified to render the opinion that "the sling has caused her pelvic pain, the left groin pain, pain with intercourse since these problems have improved after the sling removal" and "during examination, her pain and discomfort around the sling arms are gone."   The Court acknowledges that there are statements in the letter where Dr. El-Zawahry does not seem convinced of his opinion (e.g., "we can cautiously say that the sling may have to some extent contributed to these symptoms"). These statements are why the Court discounted Dr. El-Zawahry's specific causation opinions regarding Plaintiff's pain in the previous Order.  However, Dr. El-Zawahry ultimately concludes that Plaintiff's pain was related to the Aris based upon his assessment and examination of her and therefore the Court will not exclude this opinion *in limine*. *Lewis v. Citgo Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009) ("a medical expert's ultimate opinion must be grounded in the scientific process and may not be merely a subjective believe or unsupported opinion).   This issue may be revisited at trial.  *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013) (*citing Luce v. U.S.*, 469 U.S. 38, 41-42 (1984)).

Having found that Dr. El-Zawahry's specific causation opinion regarding Plaintiff's pain

is not barred *in limine*, the Court now turns to the remaining opinions disclosed by Plaintiff in the February 21, 2019 disclosure.  Plaintiff's counsel instructs the Court to refrain from analyzing the disclosure (a practice he refers to as "engag[ing] in an endless evaluation of circumstantial evidence") and just "ASK DR. EL-ZAWAHRY" (emphasis in the original) at trial.  This argument suggests that Plaintiff's counsel believes that the directives in Rule 26 are meaningless. Rule 26 *does* have a purpose: to allow the other side to prepare for trial.  *See Karum Holdings LLC v. Lowe's Companies, Inc.*, 895 F.3d 944, 952 (7th Cir. 2018) (internal citations omitted).

Of course, Plaintiff's counsel has informed the Court multiple times that defense counsel scheduled and then cancelled Dr. El-Zawahry's deposition three times.  If Plaintiff's counsel needed Dr. El-Zawahry's deposition testimony to satisfy the requirements of Rule 26, then Plaintiff's counsel should have deposed him.  The Court expects litigants to follow Rule 26 and properly disclose their experts in order to "eliminate surprise, avoid unnecessary depositions and reduce costs."  *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 743 n. 6 (7th Cir. 1998). Having noted the deficiencies in Plaintiff's Rule 26 disclosures, it was not improper for Defendants to decline deposing Dr. El-Zawahry.

As the Court previously explained in the order granting Defendants' Motion to Exclude, the record reflects that Dr. El-Zawahry's specific causation opinions (other than those related to Plaintiff's pain) were not formed when he treated her.  He last treated Plaintiff in April 2016 (Doc. 49-6, p. 12).  Nine months later, he wrote her attorney a letter where he explains that he did not have her past medical records and offered "opinions" related only to Plaintiff's pain.  Two years later, Plaintiff's attorney disclosed that Dr. El-Zawahry *will* opine,  *after* being provided with a completed medical history, that Plaintiff's Aris "within a reasonable degree of medical certainty…probably" caused her to develop 16 different conditions (other than her pain) and failed

to perform as expected.

Plaintiff's counsel refers to the disclosures and letter as "circumstantial" evidence upon which the Court should not rely. Regardless, there is nothing else before the Court to review on this issue. Defendants first moved to exclude Dr. El-Zawahry in May 2019. Their primary argument was based on *Daubert* issues: that Dr. El-Zawahry did not base his opinions on sufficient data or relied upon any sound methodologies or principles. Plaintiff filed a Response, contending that Dr. El-Zawahry would have given "robust opinions, factual basis, and reasoning to support the Rule 26 disclosures" at his deposition. This case was then transferred from the MDL court to the Southern District of Illinois. Defendants filed another Motion to Exclude Dr. El-Zawahry, this time including case law from the Seventh Circuit and this District that explicitly requires a treating physician to prepare a report pursuant to Rule 26(a)(2)(B) before he/she can testify to opinions that were formed outside the course of the plaintiff's treatment. Plaintiff simply re-filed her response to Defendants' original motion to exclude.

Nearly three years have now passed since Defendants first raised the issues surrounding Plaintiff's disclosure of Dr. El-Zawahry's opinions. Plaintiff has never asked the Court for leave to amend her disclosures, or to reopen discovery and depose Dr. El-Zawahry. She has not provided to the Court information with which it could find that Dr. El-Zawahry made the opinions listed in the February 21, 2019 disclosure while he was treating her. She has never given the Court any information with which it could find that the deficiencies in her disclosures were "substantially justified or harmless." *Cripe v. Henkel Corp.*, 858 F.3d 1110, 1112 (7th Cir. 2017). Instead, she has persisted to convince the Court that she properly disclosed Dr. El-Zawahry.

The undersigned has considered, *sua sponte*, re-opening discovery to allow Plaintiff to properly disclose a specific causation expert, and then allow Defendants time to disclose a rebuttal

expert. The Court recognizes that the MDL Court recommended to immediately set this case for trial (Doc. 53). Moreover, the Court has no basis to find that good cause exists for re-opening discovery, except that Plaintiff will certainly be prejudiced by the exclusion of Dr. El-Zawahry. However, Plaintiff's insistence that Dr. El-Zawahry was properly disclosed has delayed this matter and prejudiced Defendants. Moreover, nothing before the Court suggests that Plaintiff can "cure" her insufficient disclosure of Dr. El-Zawahry. *See David v. Caterpillar, Inc*., 324 F.3d 851, 858 (7th Cir. 2003).

## CONCLUSION

The Court previously ordered that Dr. El-Zawahry can testify at trial regarding the treatment he provided Plaintiff and the symptoms she reported to him as identified in Dr. El-Zawahry's January 30, 2017 letter (Doc. 49-2); that ruling remains undisturbed. Plaintiff's Motion to Reconsider (Doc. 126) is GRANTED IN PART and DENIED IN PART. Dr. El-Zawahry's following opinions are not excluded *in limine*: "the [Aris] has caused her pelvic pain, the left groin pain, pain with intercourse since these problems have improved after the [Aris] removal" and "during examination, her pain and discomfort around the [Aris] arms are gone." Dr. El-Zawahry's remaining opinions listed in Plaintiff's February 21, 2019 disclosure are barred because Plaintiff failed to establish that Dr. El-Zawahry reached them during Plaintiff's course of treatment, and therefore failed to follow Federal Rule of Civil Procedure 26(a)(2).

**IT IS SO ORDERED.**

**DATED:   March 16, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**