IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROWENA MARIE HAMMOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-1041- RJD |
| | ) | |
| MENTOR WORLDWIDE, LLC and | ) | |
| COLOPLAST CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant Coloplast Corp.'s Motion to Reconsider (Docs. 135 and 136) a prior Order (Doc. 128) on a Motion to Reconsider filed by Plaintiff (Doc. 126). For the third time, the Court is asked to consider *in limine* whether Dr. Ahmed El-Zawahry, Plaintiff's treating physician, can offer certain opinions at trial (Docs. 113, 128).

On April 24, 2006, Plaintiff was implanted with a mesh medical device commonly used to treat stress urinary incontinence, the Coloplast Aris Trans-Obturator Sling System (the "Aris"). Dr. El-Zawahry removed Plaintiff's Aris. The Court granted in part Defendant's Motion to Exclude Opinions and Testimony of Dr. El-Zawahry, finding that Plaintiff had not properly disclosed him as a witness pursuant to Rule 26(a)(2)(B) and finding that his disclosed opinions regarding specific causation were not made within the course of the treatment he provided her (Doc. 113, "Order I").

Dr. El-Zawahry was never deposed and therefore the Court can only rely upon Plaintiff's expert witness disclosures to determine *in limine* whether his opinions are admissible. On

Page **1** of **6**

September 5, 2017, Plaintiff served Defendants with a pleading titled "Disclosure of Specific Causation Expert" for Dr. El-Zawahry:

> Dr. El-Zawahry is a treating physician and has not been retained to provide expert testimony in this case. Therefore, the requirements of FRCP 26(a)(2)(B) do not apply to this disclosure.
>
> The disclosure requirements for FRCP 26(a)(2)(C) are contained in the report of Dr. El-Zawahry dated January 30, 2017, attached hereto.

(Doc. 92-1).

Dr. El-Zawahry's "report" dated January 30, 2017 is actually a letter to Plaintiff's counsel that includes the following statements:

> Overall, she had complex problems and it is very difficult to point at one source of her problems. However, since the removal of [the Aris] she has had improvement of her groin, some of the pelvic pain, and pain with intercourse. We can cautiously say that the sling may have to some extent contributed to these symptoms as these were masked by other problems she had such as interstitial cystitis and underactive bladder. These other issues could result in similar symptoms in patients who did not undergo sling procedures.
>
> To answer your questions:
>
> In my assessment, I believe that the sling has caused her pelvic pain, the left groin pain, pain with intercourse since these problems have improved after the sling removal. Also, during examination, her pain and discomfort around the sling arms are gone.
>
> [Plaintiff] denies completely having any pelvic pain or groin pain prior to the sling surgery and for this reason we can attribute that this pain is most likely related to the sling.

(Doc. 92-2).

On February 21, 2019, Plaintiff's counsel then prepared another document titled "Rule 26 Expert Witness Disclosures" that contained the following:

Page **2** of **6**

> ….In addition to the opinions contained in the report attached to the disclosure served on September 5, 2017, it is expected that, after being provided with a complete medical history of the Plaintiff, Dr. El-Zawahry will opine, within a reasonable degree of medical certainty that the following were probably caused by the failure of the Defendant's product: pelvic and groin pain, bladder pain….

The February 21, 2019 disclosure goes on to list 13 more conditions "probably" caused by the Aris. In Order I (and again in the March 16, 2022 Order on Plaintiff's Motion to Reconsider, "Order II"), the undersigned found that Dr. El-Zawahry could not testify regarding the 13 additional conditions because Plaintiff's disclosures reflected that Dr. El-Zawahry did not form those opinions as he treated Plaintiff (which is required for physicians disclosed as witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2)(C)). However, in Order II, the Court found that Dr. El-Zawahry was not barred *in limine* from testifying that "the [Aris] has caused her pelvic pain, the left groin pain, pain with intercourse since these problems have improved after the [Aris] removal. Also, during examination, her pain and discomfort around the [Aris] arms are gone." Those statements (written in his January 30, 2017 letter) indicate that Dr. El-Zawahry formed that opinion regarding Plaintiff's pain as he treated Plaintiff.

Defendants now ask the Court to reconsider Order II, pointing the Court to other statements made by Dr. El-Zawahry in his January 30, 2017 letter (e.g., "we can cautiously say that the sling may have to some extent contributed to these symptoms"). Defendants contend that the Court ignored these statements in Order II and failed to recognize that Dr. El-Zawahry could not testify to "mere possibilities" at trial . To the contrary, Order II states as follows:

> The Court acknowledges that there are statements in the letter where Dr. El-Zawahry does not seem convinced of his opinion (e.g., "we can cautiously say that the sling may have to some extent contributed to these symptoms"). These statements are why the Court discounted Dr. El-Zawahry's specific causation opinions regarding Plaintiff's pain in [Order I]. However, Dr. El-Zawahry

Page **3** of **6**

> ultimately concludes that Plaintiff's pain was related to the Aris based upon his assessment and examination of her and therefore the Court will not exclude this opinion *in limine*. *Lewis v. Citgo Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009) ("a medical expert's ultimate opinion must be grounded in the scientific process and may not be merely a subjective believe or unsupported opinion).

The Court is certainly aware that Dr. El-Zawahry can only give opinions at trial that are made to a reasonable degree of medical certainty. As previously stated multiple times in Order II, an order *in limine* may be revisited at trial. *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013) (*citing Luce v. U.S.*, 469 U.S. 38, 41-42 (1984)). Any unsupported beliefs by Dr. El-Zawahry regarding the source of Plaintiff's pain will not be admissible at trial. According to Plaintiff's February 21, 2019 disclosure, Dr. El-Zawahry's opinions regarding Plaintiff's pain will be provided at trial to a reasonable degree of medical certainty. At this point, the Court will not presume otherwise based on unsworn statements written by Dr. El-Zawahry in the January 30, 2017 letter that he has not had the opportunity to explain.

Had Defendant deposed Dr. El-Zawahry and clarified his level of certainty, the Court (and the parties) would not be on the third motion on this topic. Defendant points the Court to the Seventh Circuit's recent decision in *Donaldson v. Johnson & Johnson*, another mesh implant case. Plaintiff Donaldson's treating physician signed an affidavit in which he gave multiple opinions regarding the defective nature of the mesh implant and that it caused Plaintiff to experience pelvic pain and bladder stones. *Donaldson v. Johnson & Johnson*, 37 F. 4th 400, 403 (7th Cir. 2022). According to the Affidavit, the opinions were given to a reasonable degree of medical certainty. *Id*. However, when the treating physician was deposed, he could not give those key opinions to a reasonable degree of medical certainty, instead making statements like "[the device in question] *possibly* caused the mesh to be eroded into the bladder and caused stones." *Id*. at 403-04

(emphasis added). He did not offer any explanation for the contradictions between his affidavit and testimony. *Id*. at 407. The District Court granted summary judgment in favor of Defendant, striking the affidavit because it was contradicted by testimony and was therefore unreliable. *Id*. at 405. The Seventh Circuit affirmed the District Court's decisions to strike the affidavit and grant summary judgment to Defendant. *Id*. at 406-12.

The record before the undersigned, however, contains no deposition testimony or affidavit from Dr. El-Zawahry. The decision not to depose Dr. El-Zawahry was apparently a strategic choice made by both parties and at this point, too much ink has been spilled by counsel positing his testimony. At the status conference scheduled for August 2, 2022, the Court will set this case for a final pretrial conference and jury trial. However, prior to the final pretrial conference, the Court will hold an evidentiary hearing at which Plaintiff shall present Dr. El-Zawahry to testify either in person or via Zoom. Counsel for Plaintiff and Defendant may question Dr. El-Zawahry on his opinion that "the [Aris] has caused her pelvic pain, the left groin pain, pain with intercourse since these problems have improved after the [Aris] removal. Also, during examination, her pain and discomfort around the [Aris] arms are gone." On or before August 8, 2022, Plaintiff's counsel shall provide the undersigned's chambers with dates on which Dr. El-Zawahry is available for the hearing.

At this point, however, Defendant has not provided the Court with any sufficient basis to reconsider the March 16, 2022 Order and therefore Defendant's Motion to Reconsider (Doc. 135) is DENIED.

**IT IS SO ORDERED.**

**DATED:   August 1, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**